UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

**WILLIAM WILLIAMS,**

                                        Plaintiff,

        - against –

**THE CITY OF NEW YORK, POLICE OFFICER
JOHN P. SYLVESTRE [Shield No. 11909],
POLICE OFFICER MICHAEL DeGREGORIO
[Shield No. 22345], POLICE OFFICER BOBBY
MOHIP [Shield No. 21083], POLICE OFFICER
KEVIN SHEPHERD [Shield No. 12829], SGT.
JESSICA GAVARS [Shield No. 2298], DET.
CHRISTOPHER CLARKE [Shield No. 7238] and
DETECTIVE DUANE A. PERCY [Shield No. 351]**
in their individual and official capacities as Police Officers
employed by the City of New York,

                                        Defendants.

------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**
CV 14-5391 (SLT) (RER)

        Plaintiff, by his attorney, ANDREW F. PLASSE & ASSOCIATES LLC, as and

for his Second Amended Complaint, hereby alleges and shows to the Court the following:

        1.  Plaintiff William Williams hereby brings this action against the City of New

York, Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police

Officer Bobby Mohip, Police Officer Kevin Shepherd, Sgt. Jessica Gavars, Det.

Christopher Clarke, and Detective Duane A. Percy, in their individual and official

capacities as Police Officers employed by the City of New York for damages arising out

of unconstitutional policies and actions arising out of an alleged excessive use of force

and false arrest incident which occurred on June 17, 2014.

1

2.   Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

3.   At the time of the incident herein, plaintiff was a resident of 579 Chester Street, Brooklyn, NY 11212.  Each defendant is a citizen of the State of New York. The amount in controversy exceeds the sum of Seventy Five Thousand [$75,000.00] Dollars, exclusive of interest and costs.

4.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

5.   Venue is proper in this District pursuant to 28 U.S.C. Section 1381.

6.   At all times hereinafter mentioned the defendants Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, Sgt. Jessica Gavars, Det. Christopher Clarke, and Detective Duane A. Percy were employed as New York City Police Officers and acted under color of state law or a statute, ordinance, regulation or custom

7.   Upon information and belief, defendant City of New York was and now is, a municipal corporation, existing under and incorporated under the laws of the State of New York, with its principal place of business located at the Municipal Building, One Centre Street, New York, NY 10007.

8.   That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Department of Corrections by charter, or by law, under provisions of the State and/or City of New York

2

9.  That heretofore, the Plaintiff caused a Notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant City of New York by delivering a copy thereof to the Office of the Corporation Counsel of the City of New York,  which said Notice of claim set forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so far as then practicable; that the Plaintiff was noticed and duly appeared at a 50 h hearing, and that this action is being commenced within one year after the happening of the event upon which this claim is based.

## STATEMENT OF FACTS

10.  On June 17, 2014, at approximately 2:40 p.m., the Plaintiff was injured in a Motor Vehicle Accident occurring at the intersection of Elton Street and Atlantic Ave., Brooklyn, NY.

11.  At the aforesaid date and place, plaintiff was thrown off his Motorcycle as a result of the Motor Vehicle Accident with a van.

12.  Plaintiff was immobile after the accident with the van and remained at the scene.

13.  Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, Sgt. Jessica Gavars, Det. Christopher Clarke, and Detective Duane A. Percy responded to the scene along with other Police Officers.

14.  Upon information and belief, Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, and Police Officer Kevin Shepherd,

3

in concerted action, placed handcuffs on the plaintiff, behind his back, while he was lying on the sidewalk and street

15.  Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, and Police Officer Kevin Shepherd lifted the Plaintiff, and placed him on a stretcher.

16.  Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, and Police Officer Kevin Shepherd lifted the Plaintiff on the stretcher and put him in a neck brace.

17.  Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, and Police Officer Kevin Shepherd then lifted the plaintiff off the stretcher, and turned him over, so that he was face down on the stretcher on the pavement.

18.  Police Officer John P. Sylvestre then assaulted and battered the plaintiff, who was handcuffed, in a neck brace, and face down, by punching him hard on the right side of his face, causing the plaintiff's left side of his head to strike the pavement hard, thereby fracturing his skull and jaw and putting him into a coma.

19.  At the moment plaintiff was assaulted and battered, Sgt. Jessica Gavars, Detective Christopher Clarke, and Detective Duane A. Percy, were witnesses to the above allegations.

20.  Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, Sgt. Jessica Gavars, Detective Christopher Clarke, and Detective Duane Percy were present during this assault and battery, and acted in concert

with Police Officer John P. Sylvestre and attempted to cover up the use of excessive force by failing to report the incident.

21.  As a result of the assault and battery, Plaintiff was in a coma for ten days before he awoke while at Brookdale University Hospital, Brooklyn NY.

22.  While in a coma, plaintiff was charged with reckless endangerment, a Felony.

23.  Subsequently Plaintiff pled guilty to a violation of Disorderly Conduct.

24.  As a result of the assault and battery and excessive force as described above, plaintiff has sustained severe head, brain and motor injuries and is permanently disabled.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICER JOHN P. SYLVESTRE, POLICE OFFICER MICHAEL DeGREGORIO, POLICE OFFICER BOBBY MOHIP, POLICE OFFICER KEVIN SHEPHERD, [EXCESSIVE FORCE] JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

25.  Upon information and belief, the actions taken as aforesaid by Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, including placement of the plaintiff on a stretcher with handcuffs, turning the plaintiff upside down while handcuffed to the stretcher, and the assault and battery by Police Officer John Sylvestre,  constituted excessive force, in violation of the Fourth and Eighth Amendments and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

26.  Upon information and belief, Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

5

27.  Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

28.  That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIFTY MILLION [$50,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICER JOHN P. SYLVESTRE, POLICE OFFICER MICHAEL DeGREGORIO, POLICE OFFICER BOBBY MOHIP, POLICE OFFICER KEVIN SHEPHERD, [ASSAULT AND BATTERY] JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

29.  Upon information and belief, the actions taken as aforesaid by Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, constituted an assault and battery.

30.  Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said

injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

31.  That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIFTY MILLION [$50,000,000.00] DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICER JOHN P. SYLVESTRE, POLICE OFFICER MICHAEL DeGREGORIO, POLICE OFFICER BOBBY MOHIP, POLICE OFFICER KEVIN SHEPHERD, [FALSE ARREST] JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

32.  Upon information and belief, the actions taken as aforesaid by Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, constituted a false arrest.

33.  Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

34.  That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIFTY MILLION [$50,000,000.00] DOLLARS.

**AS AND FOR A FOURTH  CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICER JOHN P. SYLVESTRE, POLICE OFFICER MICHAEL DeGREGORIO, POLICE OFFICER BOBBY MOHIP, POLICE OFFICER KEVIN SHEPHERD, [MALICIOUS PROSECUTION] JOINTLY AND SEVERALLY,**

**PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION
SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND
FURTHER ALLEGES AS FOLLOWS:**

35.   Upon information and belief, the actions taken as aforesaid by Police Officer

John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip,

Police Officer Kevin Shepherd, constituted a malicious prosecution.

36.   Solely by reason of the above, the plaintiff sustained severe personal injuries,

was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental

anguish, great physical pain and emotional upset, some of which injuries are permanent

in nature and duration, and plaintiff will be permanently caused to suffer pain,

inconvenience and other effects of such injuries; plaintiff incurred and in the future will

necessarily incur further hospital and/or medical expenses in an effort to be cured of said

injuries; and plaintiff has been and continues to be unable to pursue the usual duties with

the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

37.   That by virtue of the foregoing, Plaintiff has been damaged in the amount of

FIFTY MILLION [$50,000,000.00] DOLLARS.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS POLICE
OFFICER JOHN P. SYLVESTRE, POLICE OFFICER MICHAEL
DeGREGORIO, POLICE OFFICER BOBBY MOHIP, POLICE OFFICER KEVIN
SHEPHERD, and FIRST CAUSE OF ACTION AGAINST DEFENDANTS SGT.
JESSICA GAVARS, DETECTIVE CHRISTOPHER CLARKE, DETECTIVE
DUANE A. PERCY, [CONSPIRACY] JOINTLY AND SEVERALLY, PLAINTIFF
RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET
FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND
FURTHER ALLEGES AS FOLLOWS:**

38.   Defendants Police Officer John P. Sylvestre, Police Officer Michael

DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, Sgt. Jessica

Gavars, Det. Christopher Clarke, and Detective Duane A. Percy under color of law,

conspired with one another to deprive Mr. Williams of his constitutional rights, including the right to be free from the intentional use of unreasonable force, to be free from unreasonable searches and seizures, to associate and speak freely, to have access to and seek redress in the courts, to be free from false arrest, false imprisonment and the delay and denial of proper medical attention.

39. It was part of the conspiracy that the defendant Police Officer John Sylvestre, assault and batter Mr. Williams while his hands were cuffed behind his back and whiel he was in a stretcher.

40. In furtherance of the conspiracy, and in order to cover up the acts of excessive force, defendants engaged in the following: falsely arresting and imprisoning Mr. Williams; fabricating and contriving criminal charges against Mr. Williams; although they were present and aware of the excessive use of force and were required to report it immediately, deliberately suppressing the truth; submitting false police reports, statements and testimony to cover up the use of excessive force; in orchestrating a cover up, refusing to come forward with evidence and information that would incriminate Officer John Sylvestre, and refusing to come forward with evidence and information that would incriminate the individual involved, in violation of the defendants sworn duty as police officers,

41. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will

necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

42. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIFTY MILLION [$50,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

43. Upon information and belief, the actions taken as aforesaid by Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, Sgt. Jessica Gavars, Det. Christopher Clarke, and Detective Duane A. Percy constituted excessive force, conspiracy to cover up excessive force, violation of the Fourth Amendment, and deprivation of liberty without due process of law.

44. Upon information and belief, at all times pertinent hereto, New York City encouraged, permitted and tolerated a pattern and practice of excessive force, conspiracy to cover up excessive force, violation of the Fourth Amendment, and deprivation of liberty without due process of law by Police Officers of the City of New York.

45. Upon information and belief, the City of New York has a policy, express or implied, to permit and encourage its Police Officers to use excessive force on civilians, to cover up the use of Excessive force, to orchestrate cover ups, to devise false versions of events, and that this policy has been indoctrinated into the New York Police Department so that Officers in the course of their duty are more likely to use excessive force upon

civilians, including civilians who are handcuffed and injured and cover up the use of force.

46.  Upon information and belief, the City of New York has furthered and implemented this policy, by maintaining a system of review of Police Officer conduct which is so untimely and cursory as to be ineffective, and which permits and tolerates the excessive force, cover ups, violations of the fourth amendment, and deprivations of liberty without due process of law by Police Officers.

47.  At all times pertinent hereto, Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, Sgt. Jessica Gavars, Det. Christopher Clarke, and Detective Duane A. Percy were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City of New York.  These policies and practices which were enforced by Defendant City of New York were the moving force, proximate cause, and/or the affirmative link behind the conduct causing the plaintiff's injuries.

48.  The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police Officer Kevin Shepherd, Sgt. Jessica Gavars, Det. Christopher Clarke, and Detective Duane A. Percy.

49.  That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIFTY MILLION [$50,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

50.   That the employees of the defendant as aforesaid jointly and severally assaulted and battered the plaintiff causing him to sustain severe personal injuries.

51.   That by virtue of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD  CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

52.   That the employees of the defendant as aforesaid jointly and severally falsely arrested the plaintiff causing him to sustain severe personal injuries.

53.   That by virtue of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH  CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

54.   That the employees of the defendant as aforesaid jointly and severally maliciously prosecuted the plaintiff causing him to sustain severe personal injuries.

55.   That by virtue of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FIFTH  CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

56. New York City owed a duty to Plaintiff to hire, train and supervise and otherwise control its Police Officers in the proper methods of use of force incidental to this matter, and in the course of their Policing functions. New York City failed to properly hire, provide adequate training, provide proper supervision and control for the Police Officers involved herein, and said failure constitutes negligence.

57. As a proximate result of the City of New York's negligence to provide adequate training, supervision and control of the Police Officers involved herein, Plaintiff has sustained personal injuries.

58. That by virtue of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendants Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police and Officer Kevin Shepherd, in the amount of FIFTY MILLION ($50,000,000.00) DOLLARS;

II. Judgment on the Second Cause of Action against defendants Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police and Officer Kevin Shepherd, in the amount of FIFTY MILLION ($50,000,000.00) DOLLARS;

III. Judgment on the Third Cause of Action against defendants Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip,

Police and Officer Kevin Shepherd, in the amount of FIFTY MILLION ($50,000,000.00)

DOLLARS;

 IV. Judgment on the Fourth Cause of Action against defendants Police Officer

John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip,

Police and Officer Kevin Shepherd, in the amount of FIFTY MILLION ($50,000,000.00)

DOLLARS;

 V. Judgment on the Fifth  Cause of Action against defendants Police Officer John

P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police

and Officer Kevin Shepherd, in the amount of FIFTY MILLION ($50,000,000.00)

DOLLARS;

 VI. Judgment on the First Cause of Action against defendants Sgt. Jessica Gavars,

Det. Christopher Clarke, and Detective Duane A. Percy, in the amount of FIFTY

MILLION ($50,000,000.00) DOLLARS;

 VII. Judgment on the First Cause of Action against the City of New York in the

amount of FIFTY MILLION ($50,000,000.00) DOLLARS;

 VIII. Judgment on the Second Cause of Action against the City of New York in

an amount which exceeds the jurisdictional limits of all New York State lower courts

which would otherwise have jurisdiction;

 IX. Judgment on the Third Cause of Action against the City of New York in an

amount which exceeds the jurisdictional limits of all New York State lower courts which

would otherwise have jurisdiction;

14

X. Judgment on the Fourth Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all New York State lower courts which would otherwise have jurisdiction;

XI. Judgment on the Fifth Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all New York State lower courts which would otherwise have jurisdiction;

XII. Judgment for Punitive Damages against defendants Police Officer John P. Sylvestre, Police Officer Michael DeGregorio, Police Officer Bobby Mohip, Police and Officer Kevin Shepherd, Sgt. Jessica Gavars, Det. Christopher Clarke, and Detective Duane A. Percy in the amount of FIFTY MILLION [$50,000,000.00] DOLLARS;

XIII. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:     May 26, 2015
           New York, New York

           ANDREW F. PLASSE & ASSOCIATES LLC
           BY: ANDREW F. PLASSE
           Bar Roll No.: AP-3679
           Attorney for the Plaintiff
           Office and P.O. Address
           163-07 Depot Road
           Flushing, NY 11358
           [212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE
PURSUANT TO RULE 38 OF THE FEDERAL
RULES OF CIVIL PROCEDURE**

ANDREW F. PLASSE & ASSOCIATES LLC
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road
Flushing, NY 11358
[212] 695-5811

16